UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BERTHA EMANUEL,**
    Plaintiff,
vs.

Case No.: 3:19-cv-46-J-34JRK

**WAL-MART STORES EAST, LP,**
    a foreign limited partnership,
    Defendant.

___

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

**(Employment Discrimination in Violation of Title I of the Americans with Disabilities Act Amendments Act of 2008)**

The Plaintiff, BERTHA EMANUEL, sues the Defendant, WAL-MART STORES EAST, LP, and alleges:

1. This is an action for damages and injunctive relief pursuant to the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101, et seq. (hereinafter referred to as the ADAAA).

2. The Plaintiff, BERTHA EMANUEL (hereinafter referred to as EMANUEL), is a resident of Duval County, Florida.

3. The Defendant, WAL-MART STORES EAST, LP (hereinafter referred to as WAL-MART), is a Delaware limited partnership that is authorized to transact business within the State of Florida. At all times material hereto, WAL-MART engaged in an industry affecting commerce and had 15 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year. Accordingly, WAL-MART is an employer and a covered entity as defined by the ADAAA.

1

4. At all times material hereto, WAL-MART maintained and operated a store at 1505 State Route 220, Orange Park, Clay County, Florida (Store 2920) which it used for the transaction of its usual and customary business of selling retail goods to the general public.

5. From August 21, 1987 until June 20, 2017, EMANUEL was employed by WAL-MART, most recently in a full-time position as the department manager for men's clothing at Store 2920. WAL-MART compensated EMANUEL for her services by paying her wages and by providing her with health insurance and other fringe benefits. At all times material hereto, EMANUEL possessed the requisite skill, experience, training and licenses necessary to perform the essential functions of a WAL-MART retail associate, including that of a WAL-MART department manager.

6. EMANUEL suffers from high blood pressure, kidney disease and degenerative joint disease in her knees. These conditions limit her ability to stand or walk for prolonged periods, to perform tasks which involve heavy or frequent pushing, pulling or lifting, and she needs to avoid wet or uneven surfaces which can cause her to fall. Accordingly, EMANUEL is an individual with a disability in that she suffers from a physical impairment that substantially limits one or more of her major life activities; she has a record of such an impairment; and she was regarded as having such an impairment by WAL-MART, which accommodated EMANUEL's work restrictions resulting from her high blood pressure, kidney disease and degenerative knee conditions prior to April 4, 2017.

7. In April of 2016, EMANUEL's doctor recommended that she undergo surgery to have one of her diseased kidney's removed. EMANUEL took leave from her employment with WAL-MART under the Family and Medical Leave Act, she underwent the recommended surgery to remove one of her kidneys and she then returned to work as the department manager

for men's clothing at Store 2920.

8. EMANUEL's orthopedic surgeon later recommended that she undergo surgery for the total replacement of both of her knees. EMANUEL took the remaining 4.4 weeks of her eligible leave under the Family and Medical Leave Act, from April 4, 2017 through May 3, 2017, and WAL-MART granted EMANUEL a unpaid leave of absence from her employment from May 3, 2017 until June 20, 2017.

9. On April 4, 2017, EMANUEL underwent surgery for the total replacement of her right knee. EMANUEL still requires surgery for the total replacement of her left knee, she continues to suffer from high blood pressure and kidney disease, and she remains disabled as described above in Paragraph 6.

10. While EMANUEL was absent from Store 2920, her assistant acted as the temporary department manager for men's clothing. On June 19, 2017, EMANUEL called Store 2920 and informed her supervisor that she was able to return to work. Her supervisor asked that she not return to work until June 21, 2017. On that date, EMAUNUEL returned to Store 2920 with the expectation that she would resume working as the department manager in men's clothing, as she had following her kidney surgery. Instead of being permitted to return to that position, however, EMANUEL was informed that the position of department manager in men's clothing was no longer available, as her former assistant had been promoted to that position two days earlier, following EMANUEL's call. EMANUEL was then informed that no other positions were available for her to perform, except a part-time position gathering shopping carts in the store's parking lot, or a part-time position cleaning the store's restrooms.

11. EMANUEL knew that she was not physically capable of either gathering shopping carts, which would have required prolonged walking and pushing, or of cleaning the store's

3

restrooms, which would have entailed walking and prolonged standing upon wet floors. She further knew that she had an on-going need for health insurance coverage, and that she would not be eligible for that coverage if she accepted a part-time position with WAL-MART. As a result, she elected to retire from her employment with WAL-MART, in order to preserve her health and in order to be eligible for the continuation of her health insurance coverage under COBRA.

12. WAL-MART had the ability to keep EMANUEL's former position as the department manager of men's clothing at Store 2920 available until EMANUEL was able to return to work on June 21, 2017. Doing so would not have presented an undue hardship for WAL-MART. WAL-MART also had other full-time positions available which EMANUEL was physically capable of performing, both at Store 2920 and at other stores which WAL-MART operated in Northeast Florida and Southeast Georgia, including positions as a department manager. WAL-MART, however, made no attempt to accommodate EMANUEL's disability after June 20, 2017; it failed to engage in any discussions with EMANUEL concerning alternative positions which she was capable of performing at Store 2920 or at other WAL-MART stores; and instead, it offered EMANUEL the Hobson's choice of accepting one of two part-time positions which she was not physically capable of performing or having her employment terminated by WAL-MART.

13. In failing to keep EMANUEL's former position as the department manager of men's clothing open until EMANUEL was able to return to work on June 21, 2017; and in failing to allow EMANUEL to return to work in another position which she was physically capable of performing either at that store or at another store which WAL-MART operated in Northeast Florida or South Georgia, WAL-MART violated 42 U.S.C. §12112(a) of the ADAAA, in that WAL-MART discriminated against EMANUEL with regard to her advancement, discharge,

4

compensation, job training, and other terms, conditions, and privileges of employment on the basis of an actual or perceived disability.

14. As a result of WAL-MART's foregoing violation of the ADAAA, EMANUEL has lost wages and fringe benefits, and she is entitled to recover her back pay from June 21, 2017, 2015, together with prejudgment interest. EMANUEL is further entitled to recover compensatory damages for her emotion distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

15. WAL-MART's violation of the ADAAA also constitutes an intentional discriminatory employment practice, and accordingly, EMANUEL is entitled to injunctive relief, including the reinstatement of her former employment as a WAL-MART department manager at Store 2920 or at another stores which WAL-MART operates in Northeast Florida and South Georgia.

16. EMANUEL has retained the services of the undersigned attorney and she has agreed to pay a reasonable fee for his legal services. EMANUEL's attorney's fees and the costs she incurs in bringing this action should be taxed against WAL-MART, pursuant to 42 U.S.C. §12205 of the ADAAA.

17. All conditions precedent to the filing of this action have occurred, have been excused or have been waived.

WHERFORE the Plaintiff, BERTHA EMANUEL, demands judgment for damages against the Defendant, WAL-MART STORES EAST, LP, as well as the issuance of an order directing WAL-MART STORES EAST, LP to reinstate BERTHA EMANUEL to a position as a department manager, together with an award of attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, BERTHA EMANUEL, demands trial by a jury upon all issues so triable in this action.

*[signature]*
DANIEL J. GLARY, ESQ.
Florida Bar No.: 764965
Daniel J. Glary, P.A.
2468 Atlantic Boulevard
Jacksonville, FL  32207
(904) 348-7381 (telephone)
(904) 348-0921 (facsimile)
d-glary@comcast.net
Attorney for Plaintiff/Trial Counsel